IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICHARD RAUCH, 1428282** | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL 3-09CV-757-D |
| | § | |
| **GEO CORPORATION, ET AL.** | § | |
| Defendants. | § | |

**DEFENDANTS' BABBILI, PORRAS, AND SWBHASH MOTION TO DISMISS PURSUANT TO RULES 12(b)(1), 12(b)(4), AND 12(b)(5), OF THE FEDERAL RULES OF CIVIL PROCEDURE**

COMES NOW Defendants Ananda Babbili, Joshi Swbash, and Guillerm Porras by and through the Attorney General of Texas, to file a Motion to Dismiss for Insufficiency of Process, for Insufficiency of Service of Process, for Failure to Serve within 120 Days, and Defendants' entitlement to Eleventh Immunity pursuant to Rules 12(b)(1), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure.

## I. Introduction

Plaintiff Richard Rauch filed suit on April 24, 2009, and paid the filing fee on May 12, 2009. (Dkt. No. 1 & Dkt. No. 4). Summons was issued on November 6, 2009, for Defendants: Ananda Babbili, Joshi Swbash, and Guillermo Porras (Dkt. No.15).

## II. Argument

Defendants assert that Plaintiff has failed to invoke the Court's jurisdiction over them and, pursuant to Federal Rule 12, makes this appearance solely to contest Plaintiff's insufficient process; insufficient service of process and the Court's lack of subject matter jurisdiction. Hence, Defendants to move for dismissal solely on those grounds.

1.      **Pursuant to FED. R. CIV. P. 4(c)(1) Process was Improper.**

"A summons must be served with a copy of the complaint." FED. R. CIV. P. 4(c)(1). Here, Plaintiff failed to attach the complaint to the summons. Defendants received only the summons in this action, and never received a copy of the complaint. Therefore, pursuant to FED. R. CIV. P. 12(b)(4)(1), Defendants contend that process is insufficient, and the case should be dismissed.

2.      **Pursuant to FED. R. CIV. P. 4(c)(2) and 4(l)(1) Service of Process was Improper.**

A party may assert the defense of insufficient service of process in a motion to dismiss. FED. R. CIV. P. 12(b)(5). The district court enjoys broad discretion in deciding whether to dismiss an action for insufficient service of process. *George v. U.S. Dept of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

"Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." FED. R. CIV. P. 4(l)(1). Plaintiff failed to show proof of service to the court. Therefore, it is reasonably tacit that Plaintiff failed to properly serve Defendants. "Any person who is at least 18 years old and *not a party* may serve a summons and complaint." FED. R. CIV. P. 4(c)(2)(emphasis added). Because Plaintiff failed to prove that Defendants were served by a person 18 years old and not a party to the suit, service of process is insufficient and the case should be dismissed pursuant to 12(b)(5).

3.      **Pursuant to FED. R. CIV. P. 4(m) Service of Process was Untimely.**

In the Court's Order, dated May 19, 2009, it stated that Plaintiff had 120 days to serve Defendants, from that date. The expiration of 120 days occurred in September; Defendants were served approximately two and a half months after that time period expired. "A court is required to grant an extended time for service only if a plaintiff establishes good cause for failing to serve the

defendant. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). However, Plaintiff failed to file an extension with the court stating a "good cause"; therefore, it is logically assumed that a good cause did not exist. Since, Plaintiff failed to serve Defendants within that 120-day period, this case should be dismissed pursuant to 12(b)(5).

4. **Defendants, In Their Official Capacities, Are Immune From Plaintiffs' 42 U.S.C. § 1983 Claims.**

Additionally, a suit for damages against a state official in his official capacity is not a suit against that individual, but a suit against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Consequently, a state official acting in his official capacity is not a "person" subject to suit under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Thus, to the extent that Plaintiff is suing Defendants in their official capacity, as state employees, his claims are barred by the Eleventh Amendment and must be dismissed for lack of jurisdiction pursuant to 12(b)(1).

### III. Prayer

For the foregoing reasons, Defendants move this Honorable Court to dismiss Plaintiff's claims pursuant to Rule 12(b)(1), 12(b)(4), and 12(b)(5).

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

C. ANDREW WEBER
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Civil Litigation

DAVID A. TALBOT, JR.
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/Stefani R. Williams
STEFANI R. WILLIAMS
Assistant Attorney General
Texas Bar No. 24045316

P.O. Box 12548, Capitol Station
Austin TX 78711
(512) 463-2080/Fax (512) 495-9139

**ATTORNEYS FOR DEFENDANTS**

**NOTICE OF ELECTRONIC FILING**

I, **Stefani R. Williams**, Assistant General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Northern District of Texas, on the 23th day of December, 2009.

/s/Stefani R. Williams
STEFANI R. WILLIAMS
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **Stefani R. Williams,** Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants' Ananda Babbili, Joshi Swbash, and Guillermo Porras Motion to Dismiss** has been served by placing same in the United States mail on this the 23th day of December, 2009, addressed to:

Richard Rauch, TDCJ#1428282
3872 FM 350 South
Livingston, TX 77351
*Appearing Pro Se*

/s/Stefani R. Williams
STEFANI R. WILLIAMS
Assistant Attorney General