IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RICHARD RAUCH,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Case No. 3:09-cv-757-D |
| § | |
| **GEO CORPORATION, et al.,** § | |
| § | |
| **Defendants.** § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is The GEO Group, Inc.'s ("GEO") "Motion to Dismiss for Insufficiency of Process and Insufficiency of Service of Process and For Failure to Serve Within 120 Days" ("Motion to Dismiss"). GEO moves to dismiss on the following grounds: 1) Plaintiff's summons is directed toward "GEO Corporation" whereas the Defendant is "The GEO Group, Inc.," 2) process did not include a copy of the complaint, 3) service of process was untimely.[1]

The Court will first address GEO's assertion that Plaintiff's process was insufficient as it did not include a copy of the complaint with the summons. FED R. CIV. P. 4(c); FED. R. CIV. P. 12(b)(4). Attached to GEO's Motion to Dismiss is an affidavit by a GEO employee stating that the summons received did not include a copy of the complaint. In this Circuit, "once the validity of service has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal*

---

[1] GEO also states that it is an improper party because it did not provide the medical care which is the subject of the Complaint. This statement appears to be in support of the above identified bases for dismissal rather than an independent basis of dismissal. To the extent that it is meant to serve as an independent basis of dismissal, it relies on information beyond the pleadings and is more appropriate for a motion for summary judgment. Thus it will not be considered by the Court.

*Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).  Plaintiff's response[2] does not address GEO's claim that process was insufficient for lack of a copy of the complaint.  The Court therefore finds that process was insufficient.  Because the Court agrees that service was insufficient, it is unnecessary to determine whether the mistake regarding GEO's name would have been fatal to process.

After process has been determined to be insufficient, "district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process."  *First Bank of Canyon Creek v. Meints*, No. 3:05-cv-2181-M, 2007 WL 2089377 at *3 (N.D. Tex. July 18, 2007) (quoting *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)).  The Court finds that the case should be dismissed.

Plaintiff's service of process was untimely, having been executed as to GEO more than 180 days after the District Court's May 19, 2009 order allowing Plaintiff 120 days to serve process.  Subsequent service of process to correct its insufficiency will necessarily be untimely.  Plaintiff, who is incarcerated, blames the untimeliness on delayed receipt of the summons forms. The Court may allow for late service of process for good cause, including excusable neglect.  FED R. CIV. P. 4(m); *Traina v. United States*, 911 F.2d 1155, 1156 (5th Cir. 1990).  Here, the Court need not decide whether the initial cause for delay in issuing the summons was for good cause.  Plaintiff has been on notice since approximately December 21, 2009, that GEO has claimed process was insufficient.  Plaintiff has neither denied that process was insufficient nor taken steps to correct the process.

---

[2]Though Plaintiff's Response (doc. 29) was filed late, GEO does not allege prejudice resulting from allowing it to be filed, and the Court finds none.  Plaintiff's Response will be considered.  Plaintiff's later responses, documents 34 and 39, are improperly filed sur-replies and will not be considered.

Therefore, the Court finds that Plaintiff has not shown good cause for the delayed service of process, and recommends that the case be dismissed without prejudice. *See* FED. R. CIV. P. 4(m).

    **SIGNED,** March 15, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE